[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 4, 1989 in New York, New York. The plaintiff has resided continuously in this state since 1992. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 39 years of age and in good health. She has CT Page 13030 an 11th grade education. Prior to her marriage in 1989, the plaintiff was in the textile business working her way up from secretary to sales to manufacturing rep to starting her own business. The year 1997 will be the plaintiff's second full year of her business. The plaintiff was articulate and poised.
The defendant had very minimal input in the plaintiff's career and business. The defendant did not travel with his wife for business purposes; he did not develop a list of clients nor did he have a knowledge or any expertise in the business. The defendant made no contact with suppliers or clients. The business was based on the plaintiff's experience and expertise. The defendant did not run the household nor did he take on any duties of a corporate husband. Any support the defendant gave to the plaintiff was so subtle that it defies description.
The defendant is 42 years of age. He claims some health problems not of a life threatening nature. The defendant came to this country from Poland in 1970. He's an alumnus of Hunter College.
The defendant has spun an interesting tale of his finances and work. It is a tale unfortunately filled with discrepancies, backtracking and inconsistencies.
The defendant spent 6 months in Poland in 1990-91. The defendant, his brothers and parents had a record business in Poland that went under in 1990 or 1991 as a result of anti-piracy legislation not being passed. The plaintiff received no funds from the defendant while he was in Poland for 6 months. The defendant claimed he had earnings of approximately $65,000 from his record business. The defendant and his family also had a publishing company in Long Island City which went out of business the following year.
There was contradictory testimony from the defendant himself as to whether he has an interest in property in Poland as well as an interest in a Chateau.
After the demise of these two family businesses, the defendant acknowledged little income on his income tax returns. Although deposits were made into his sole checking account and his bills were paid, as the defendant stated, it is hard to say where the money came from. Some gold coins were sold in 1992 but never reported on any tax return; he sold his Toyota Motor CT Page 13031 Vehicle to his brother in January 1997 although the plaintiff continued to pay the motor vehicle insurance. The plaintiff also paid off some of the defendant's debts at the time the parties married. The plaintiff worked continually throughout the marriage shouldering the financial burdens of the parties.
As a result of the demise of the defendant's business, an IRS tax lien of $27,000. has been placed on the marital residence. This lien is solely from the defendant's business.
The defendant had periods of unemployment during the marriage. He claims little or no income in 1991, 1992 and 1993. The defendant sent out resumes and sought the assistance of a head hunter but without success. When the defendant was working he was able to earn $65,000 per year. The defendant is employable and has an ability to earn income in the future. The defendant took a job in Washington, DC in June 1996. The plaintiff claims she received no money from the defendant after June 1996.
The plaintiff purchased a home in California with her funds. The defendant claimed he contributed $6000 towards this purchase but was unable to provide any verification of having paid this amount or any amount. His story that the door to his storage locker was broken and he could not get in, stretched his credibility.
The plaintiff subsequently sold the California property and paid off some debts of the defendant and some Honeymoon expenses. Thereafter, the marital home in Milford was purchased. This property presently stands solely in the plaintiff's name; although the defendant has co-signed on the mortgage note. The parties agreed the marital home has a fair market value of $210,000 (Two-hundred-ten-thousand dollars) subject to mortgage in the amount of $190,000 with an equity of approximately $20,000 (twenty thousand dollars).
The plaintiff's deferred savings account increased by $60,000 during the marriage.
The defendant claimed he was devastated when his family businesses failed in the early 90's. The defendant has gone from job to job since that time. In the meantime, the plaintiff's business paid much of their personal expenses including motor vehicle insurance, car lease, health insurance and house upkeep. CT Page 13032 The plaintiff has realized a net income of approximately $175,000. from her business taking into account the above expenses. The plaintiff paid the defendant a total of $10,800. as pendente lite alimony. The plaintiff also has an income tax savings account of approximately $20,000 and she expects a tax refund of approximately $24,000, through her business. As previously indicated, there is an IRS Lien on the marital home in the amount of $27,000 solely from the defendant's business.
The financial burden placed on the plaintiff increased the marital discord of the parties and created a strain on the marriage. The parties separated in June 1996. At this time, the plaintiff is earning substantially more than the defendant.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the evidence presented in this matter. The court declines to assess fault to either party for the breakdown of the marital relationship. Having considered the statutory criteria, the following orders shall enter.
Property Settlement
By way of a lump sum property settlement, the plaintiff shall pay the defendant the sum of $10,000, representing the defendant's one-half equity in the marital home, plus a further sum of $29,867 representing one half of the value of the mutual funds (IRA's) deposited during the marriage (excluding the pre-marital IRA's). From said total award of $39,287, the plaintiff shall receive a credit (deduction) from said sum in the amount of $27,000 representing the outstanding IRS tax lien incurred solely as a result of the defendant's business.
Therefore, the net award to the defendant is $12,867, less any adjustments as a result of interest and penalties due and owing on the IRS tax lien which was represented to this court to be in the amount of $27,000.
Real Estate
The marital resident located at 262 Point Beach Drive, Milford, Connecticut shall be the sole and exclusive property of the plaintiff. The plaintiff shall be responsible for the mortgage, taxes and insurance and shall hold the defendant harmless therefrom. CT Page 13033
Personal Property
Each party shall retain the home furnishings and personal property presently in their possession.
Income Tax
Each party shall be solely responsible for any tax liabilities plus interest and/or penalties associated with any joint tax filings based on each parties under-reporting or failure to report any income, capital gain or other taxable event.
Miscellaneous
1. The defendant shall relinquish any claim, right, title or interest in and to the business known as Milford Fabric.
2. The plaintiff shall be solely entitled to her frequent flyer mileage or any other accrued benefits of a similar nature.
Counsel Fees
1. The defendant is awarded counsel fees in the amount of $4500. payable within 60 (sixty) days.
2. The defendant is further awarded the sum of $750, as a contribution towards his expert's tees, payable within 60 days.
Alimony
No alimony is awarded to either party.
Health Insurance
The plaintiff shall provide the defendant with COBRA coverage at her expense for a period of one year. Any unreimbursed medical/dental expense shall be the defendant's sole obligation.
Change of Name
The plaintiff is granted a change of name to Sharlene Adams.
Debts
CT Page 13034
Each party shall be responsible for the debts as listed on their respective current financial affidavits unless otherwise disposed of herein.
COPETTO, J.